The opinion of the court was delivered by
Duncan, J.
Both of the exceptions relied on contain exactly the sam,e point — the effect of length of time in presuming the existence of a location on which the survey for' Isaac Baird, under which the defendant claims, might have been made. The facts from which the presumption is said to arise, are: There has been possession for more than 30 years, according to the survey; the memorandum at the foot of which recites, that it was made on an order for 300 acres, but without mentioning the date of the order, or the name of the owner. The survey is in the hand writing of Samuel Lyon, at that time an assistant of the deputy surveyor of the district; and has indorsed on it, (also in the hand writing of Mr. Lyon,) “ copied for returnand added to this the paper is found in-the office of the deputy surveyor of the district. These circumstances could not be received as presumptive evidence for the jury to draw the conclusion as matter of fact; for if the existence of the location be admitted, some account of its loss would have to be given before secondary evidence of its contents could be received; without which the survey would be inadmissible for want of a previous authority. Besides, there is nothing but the assertion of the assistant deputy, to show that the making of the survey was any thing else than an extra-official act; and the assertion or declaration of a deputy, except *43 where it is made in the discharge of an official duty, and is párt of the res gesta, as in the case of a receipt for fees given when the fees are paid, is not competent evidence. But before the declaration can be received as part of an official act, the act itself must appear by evidence aliunde to have-been official; for it would be arguing in a circle to say, that Mr. Lyon’s assertions are evidence, because he acted by authority, and that he did act by authority is proved by those assertions. Nor is the case strenghtened by the circumstance of Mr. Lyon having been in the employment of the deputy, and the paper being found in the deputy’s office: I would consider it to be the same if the survey were in the hand writing of the deputy himself. His having seen and recognized the survey could give it no additional force: it might be otherwise if it were received .in the land office. It would be dangerous to consider every paper found in a deputy’s office as official of course; whether it had relating to the execution of his office or not. His power is derivative, and unless something appear to raise a presumption that he acted by authority, his act will not bear an Official stamp merely because he filed the evidence of it with his official papers. As presumptive evidence to satisfy the jury of .the truth of the facts, therefore, the paper was in every view inadmissible.
But it is contended, that be this as it may, possession having accompanied the survey for something more than 30 years, is sufficient to raise a legal presumption of an authority on which it may rightfully have been made. Presumptions from length of time are those which the law makes without regard to what may have been the actual state of the fact., They are conclusions of law, not of fact; and neither the court nor the jury is, supposed to believe what they take to be conclusively established as true. The particular circumstances of possession and length of time are to be determined by the jury; but the inference from-them is for the court. This principle of decision is had recourse to from necessity, because, from the remoteness of the period of the supposed transaction there is no means of ascertaining the actual state of the fact; and . it therefore holds in judging only of things which belong to antiquity. In England a grant may be presumed against the Crown; but less readily than against an individual. In this state, from the very'nature vof our land titles, the reason of this difference holds with additional force. In other countries, holding by permission of .the state is a rare circumstance: with us holding by permission under an implied contract for a conveyance to be executed at an indefinite period subsequently, is a common origin of title. This remark is applicable in a greater or less degree to every part of the state: but it is obvious that to raise this kind of presumption a greater length of time will be required, where' the population is sparse, and the possession a matter of little notoriety, than where the population is dense, and possession of a nature to arrest the general attention. In Mather v. The Mini *44 sters of Trinity Church, the land which was the subject of the presumed grant, lay in the neighbourhood of Philadelphia, the oldest and most thickly inhabited part of the state; and the occupancy of it by the erection of a church on it, in which divine service was regularly celebrated, and by using a part of it as a ceme-try, was of a nature so notorious as to preclude all possibility of its having been unknown to the proprietary officers, or to the government, after the proprietary estates were assumed by the common wealth.' Under these circumstances it was held that a grant ought to be presumed after 90 years. At the time, too, when this possession commenced, there was scarcely any thing like method in the issuing of rights to land: after the application system was introduced, the business of the land office was conducted with regularity, and the locations were duly registered in the proper office. To this may bcadded that the locationin question, ifinfactone ever existed, wasfor land in a part of the state comparatively new and thinly inhabited, where taking possession without a grant, was a common mode of 3"eying a foundation for a title; and that the occupancy in this particular instance was attended with no peculiar circumstances of notoriety. It is impossible to lay down any rule on the subject of presumptions, which could be safely applied to any thing like a majority of the cases that may arise, these must be judged of from their particular circumstances. As a standard for general reference, the ordinary period of human existence, might perhaps be found more convenient in practice, and thought more consistent with the reason of the thing than any other that could be proposed; for while a matter maybe susceptible of proof by living witnesses, itcannotbe classed with the things of antiquity. But this is thrown out merely byway of suggestion. We establish no general rule as to presumptions against the commonwealth: much less do we pretend to determine what «would be a reasonable period as against an individual. Wc are of opinion the period of 30 years was insufficient to raise a presumption of the existence of a location, or any other authority, on which Baird’s survey might have been made; and consequently that the survey ought not to have gone to the jury:, and that even if it might rightly have been admitted, instructing the jury that there was nothing in the way of a presumption in favour of the existence of a location, was error.
- Judgment reversed and a venire de novo awarded